IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH J. COBURN, <br> TDCJ #1448792, <br><br> Plaintiff, <br><br> v. <br><br> DR. MANJIT S. RANDHAWA, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-08-0381 |

## **MEMORANDUM AND ORDER**

The plaintiff, Kenneth Coburn (TDCJ #1448792), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Coburn has filed a civil rights complaint under 42 U.S.C. § 1983 and a memorandum in support of his claims. Coburn appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.   BACKGROUND

Coburn is currently incarcerated at TDCJ's Lynaugh Unit in Fort Stockton, Texas. Coburn sues Dr. Manjit S. Randhawa, who is a private physician in Angleton, Texas. According to Coburn, Dr. Randhawa treated him following a car accident that occurred on July 7, 2005. Coburn explains that Dr. Randhawa performed surgery on him in April of 2006, to treat a back injury that Coburn suffered as a result of the car accident. Coburn

complains that Dr. Randhawa performed "unnecessary surgery" as a result of his failure to diagnose his condition correctly.[1]

Coburn claims that Dr. Randhawa was negligent for performing unnecessary surgery and that he is liable under 42 U.S.C. §1983 for medical malpractice. Coburn seeks compensatory damages for pain, suffering, and mental anguish. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.  STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary

---

[1] The pleadings indicate that the plaintiff intended to file this case in the United States District Court for the Southern District of Texas, Galveston Division, which is where the defendant is located. On October 25, 2007, the Houston and Galveston dockets were merged pursuant to General Order No. 2007-10. A transfer to the Galveston Division would make no difference in assignment and is therefore unnecessary.

relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must

be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   DISCUSSION

The plaintiff filed this civil rights suit seeking damages from the defendant for pain and suffering that he allegedly sustained as the result of negligence or medical malpractice. The plaintiff's civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also*

4

*Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).  The complaint in this case meets neither criteria for a civil rights suit under § 1983.

Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983 because they do not establish the requisite violation of federal law.  *See, e.g., Daniels v. Williams*, 474 U.S. 327 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (finding allegations that prison officials negligently jeopardized an inmate's safety insufficient to state a failure-to-protect claim under 42 U.S.C. § 1983); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (emphasizing that allegations of negligence are simply insufficient to impose liability under § 1983).  Likewise, it is well established that allegations of medical malpractice are insufficient to state a claim under 42 U.S.C. § 1983.  *See, e.g., Gobert v. Caldwell*, 463 F.3d 339, 347 (5th Cir. 2006); *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002); *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999).

Moreover, 42 U.S.C. § 1983 affords a remedy against state actors only. In other words, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Id.* at 937.

The plaintiff discloses that the incident which forms the basis of his complaint is unrelated to his current confinement and he does not otherwise allege or show that the complained of care was provided while he was in custody.[2] The defendant listed in the complaint is a privately employed physician. Private entities and individuals are not state actors for purposes of liability under 42 U.S.C. § 1983. *See Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir. 1995); *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Absent an allegation that the plaintiff was harmed as the result of state action, the complaint fails to state a claim under 42 U.S.C. § 1983 as a matter of law. *See Biliski*, 55 F.3d at 162. Accordingly, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Public records reflect that Coburn was convicted and sentenced on July 19, 2007, in a state district court in Jackson County, Texas, of two counts of aggravated assault with a deadly weapon in cause numbers 05-11-7326 and 05-11-7340. *See* Texas Department of Criminal Justice, Offender Information. at www.tdcj.state.tx.us (last visited February 4, 2008). Coburn received a twelve-year prison sentence in each case.

**IV.     CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Kenneth Coburn (TDCJ #1448792) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on  February 5th , 2008.

_____
Nancy F. Atlas
United States District Judge